IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONYA RENEE DILL**                                                                                     **PLAINTIFF**

v.                                            Case No. 4:22-CV-00948-LPR

**Commissioner, Social Security
Administration**                                                                                          **DEFENDANT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Edie R. Ervin and the Plaintiff's Objections.[1] After a *de novo* review of the RD, along with careful consideration of the objections and the case record, the Court concludes that the RD should be, and hereby is, approved and adopted in its entirety as this Court's findings and conclusions in all respects.[2]

IT IS THEREFORE ORDERED THAT the Commissioner's decision is AFFIRMED, and judgment will be entered for the Commissioner in this case.

---

[1] Docs. 18 & 19. The Court has considered Plaintiff's Objections even though they were filed several weeks late. But the Court wishes to address the following statements made by Plaintiff's Counsel in the late Objections:

> Plaintiff informs counsel that she contacted the Court ex parte and is requesting that these written objections be filed and there were indications by the Court that the pleading would be accepted. Accordingly, at the direction of the party, these written objections are being filed contemporaneously with that client contact, but belated, and counsel asks the Court's discretion in allowing these comments without formal motion.

Pl.'s Objections (Doc. 19) at 1. Plaintiff's Counsel should exercise caution before relying on a client's representations about what the Court has "indicated" it will do, and filing documents she knows to be out-of-time "at the direction" of her client. The better course of action, certainly, would have been for Plaintiff's Counsel to contact the Court herself. Had she done so in this instance, she would have learned that the Court (i.e., court staff) had said nothing close to what Plaintiff represented. The Court will not belabor the point, however, because the Objections fail to sway the outcome of this case in any event.

[2] The Objections spend a lot of time on the ALJ's alleged failure to perform the PRT at Step Two. Pl.'s Objections (Doc. 19) at 2–4, 7–9. But the ALJ specifically documented his application of the technique and explained that it was used at Steps Two and Three to rate the severity of Plaintiff's mental impairments. *See* Admin. Tr. (Doc. 12) at 28.

DATED this 5th day of January 2024.

                                            _____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE